**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN MEYER, MARC BELL, LARRY MULLIGAN-GIBBS and AIMEE JOHNSON, on behalf of themselves and all other similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>UNITED STATES TENNIS ASSOCIATION,<br><br>                Defendant. | Civ. Action No. 11-CV-6268(JTS)<br><br>**DEFENDANT UNITED STATES TENNIS ASSOCIATION'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant United States Tennis Association ("USTA") hereby submits its Answer to plaintiffs Steven Meyer, Marc Bell, Larry Mulligan-Gibbs, and Aimee Johnson's Class and Collective Action Complaint (the "Complaint"). The USTA denies each and every allegation contained in plaintiffs' Complaint except as expressly admitted herein.

## NATURE OF THE ACTION

1.      Defendant admits that plaintiffs purport to bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New York Labor Law ("NYLL") and that plaintiffs purport to seek damages on their own behalf and on behalf of all others similarly situated. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2.      Defendant admits that the US Open is a sports and entertainment event that takes place annually in late August through early September at the USTA Billie Jean King National Tennis Center (the "National Tennis Center") in Queens, New York. Defendant further admits

1

that several hundred thousand fans attended the 2008 the US Open over 26 scheduled sessions. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3.      Defendant admits that the US Open benefits the economy of New York City and is attended by spectators from other countries.  Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4.      Defendant denies the allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Paragraph 5 states legal conclusions to which no response is required.  To the extent a response is required, defendant admits that Paragraph 5 of the Complaint alleges jurisdiction based on 28 U.S.C. § 1331 and 29 U.S.C § 216(b), supplemental jurisdiction based on 28 U.S.C. § 1367, and venue pursuant to 28 U.S.C. § 1391(b)(1).  Defendant denies that supplemental jurisdiction is proper under 28 U.S.C. § 1367.

6.      Paragraph 6 states a legal conclusion to which no response is required.  To the extent a response is required, defendant admits that Paragraph 6 of the Complaint alleges that the Court may issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02.  Defendant denies that plaintiffs are entitled to declaratory relief.

## THE PARTIES

**The Plaintiffs**

7.      Defendant denies that it employed plaintiff Steven Meyer.  Defendant is without sufficient knowledge to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 7 of the Complaint, and therefore denies them.

8.     Defendant denies that it employed plaintiff Marc Bell.  Defendant is without sufficient knowledge to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 8 of the Complaint, and therefore denies them.

9.     Defendant denies that it employed plaintiff Larry Mulligan-Gibbs.  Defendant is without sufficient knowledge to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 9 of the Complaint, and therefore denies them.

10.    Defendant denies that it employed plaintiff Aimee Johnson.  Defendant is without sufficient knowledge to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 10 of the Complaint, and therefore denies them.

11.    Defendant admits that plaintiffs Steven Meyer, Marc Bell, Larry Mulligan-Gibbs, and Aimee Johnson have filed documents purporting to consent to join this litigation.  Defendant denies any remaining allegations in Paragraph 11 of the Complaint.

**The Defendant**

12.    Defendant admits that the USTA is a New York not-for-profit corporation with its principal place of business at 70 West Red Oak Lane, White Plains, New York and that it is the national governing body for tennis and its mission is to promote and develop the growth of tennis.  Defendant also admits that its "Professional Tennis" organization manages all aspects of the USTA's involvement in professional tennis, including the US Open and the USTA's operations at the National Tennis Center.  Defendant further admits that its Professional Tennis arm includes a sports marketing, entertainment, and media operations group that generates revenue to support the USTA's mission.  Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13.     Defendant admits that the USTA retains or provides staff for various aspects of the US Open, and that it contracts with umpires to officiate US Open matches.  Defendant further admits that the USTA: assigns umpires to US Open matches based on the umpire's availability and other factors; may evaluate umpires for future assignment of matches and other purposes; establishes the amount of pay it will offer to contracting umpires; requires umpires to wear clothing provided on a complimentary basis by a third-party clothing manufacturer during matches; and requires umpires to abide by the Officials' Code of Conduct.  Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

## COLLECTIVE ALLEGATIONS

14.     Defendant admits that plaintiffs purport to bring their First Claim for Relief as a collective action pursuant to section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and other similarly situated people as described in Paragraph 14 of the Complaint. Defendant denies that plaintiffs or any other individuals purportedly similarly situated are entitled to proceed on a collective basis pursuant to section 216(b) of the FLSA, 29 U.S.C. § 216(b).

15.     Defendant denies the allegations in Paragraph 15 of the Complaint.

## CLASS ACTION ALLEGATIONS

16.     Defendant admits that plaintiffs purport to bring their Second and Third Claims for Relief as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure based on the class definition stated in Paragraph 16 of the Complaint.  Defendant denies that plaintiffs or any class of individuals may maintain a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

17.     Paragraph 17 states legal conclusions to which no response is required.  To the extent a response is required, defendant admits that it has information regarding the identity of persons who were contracted as umpires at the Tennis Center during the US Open in 2005, 2006, 2007, 2008, 2009, 2010 and 2011.  Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18.     Paragraph 18 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 18 of the Complaint.

19.     Paragraph 19 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 19 of the Complaint.

20.     Paragraph 20 states legal conclusions to which no response is required.  To the extent a response is required, defendant is without sufficient knowledge to form a belief as to the truth or accuracy of the allegations in Paragraph 20 of the Complaint, and therefore denies them.

21.     Paragraph 21 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 21 of the Complaint.

22.     Paragraph 22 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint

## FACTUAL ALLEGATIONS

24.     Defendant admits that the US Open is held annually starting at the end of August.  Defendant further admits that the days and hours during which the National Tennis Center is open during the US Open varies based on a variety of factors.  Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25.     Defendant admits that umpires at the US Open must meet certain international certification requirements that involve training and the umpiring of matches.  Defendant further admits that all umpires officiating the US Open must abide by the Officials' Code of Conduct. Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant admits that the US Open Officials Selection Committee selects all line umpires for the US Open from the pool of umpires that indicate their interest and availability to officiate during the tournament.  Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27.     Defendant admits that it advises umpires at the US Open that "[a]ll day-to-day assignments are determined by the USTA throughout the US Open based upon all relevant criteria, including actual tournament needs, experience level of officials, certification level of officials, and performance of officials."  Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28.     Defendant admits that the payment made to umpires at the US Open is based upon a variety of factors, including the umpire's certification level and the type of match officiated. Defendant further admits that in 2010 ITF Gold Badge Chair Umpires were paid $200 per day during the main draw session and USTA Sectional or Provisional Umpires were paid $115 per day during the qualifying rounds.  Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     Defendant admits that umpires officiating at the US Open are issued credentials, and that these credentials may be revoked.  Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31.     Defendant admits that umpires at the US Open must be at the National Tennis Center at least one hour before their session begins.  Defendant further admits that umpires at the US Open appeared periodically for meetings to receive general information regarding the tournament.  Defendant  denies the remaining allegations in Paragraph 31 of the Complaint.

32.     Defendant admits that umpires must arrive in the New York City metropolitan area the day before their first scheduled session.  Defendant denies the remaining allegations in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Defendant admits that it makes hotel rooms available to umpires free of charge during the US Open and that it pays for, in whole or in part, umpires' airfare.  Defendant denies the remaining allegations in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant admits that it establishes the amount of pay it will offer to contracting umpires during the US Open.  Defendant denies the remaining allegations in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     Defendant admits that the matches umpires officiated occurred at the National Tennis Center.  Defendant denies any remaining allegations in Paragraph 38 of the Complaint.

39.     Defendant admits that umpires were provided a daily meal stipend during the US Open.  Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

40.      Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Defendant admits that some umpires have officiated multiple US Open events. Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

45.     Paragraph 45 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 45 of the Complaint.

46.     Paragraph 46 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Paragraph 47 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 47 of the Complaint.

## FIRST CLAIM FOR RELIEF

48.     Defendant repeats and incorporates by reference its response to Paragraphs 1-47 as its response to Paragraph 48 of the Complaint.

49.     Paragraph 49 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Paragraph 50 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Paragraph 51 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant admits the allegations in Paragraph 52 of the Complaint.

53.     Paragraph 53 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Paragraph 54 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Paragraph 55 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 55 of the Complaint.

56.     Paragraph 56 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 56 of the Complaint.

57.     Paragraph 57 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 57 of the Complaint.

58.     Paragraph 58 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 58 of the Complaint.

59.     Paragraph 59 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 59 of the Complaint.

60.     Paragraph 60 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 60 of the Complaint.

## SECOND CLAIM FOR RELIEF

61.     Defendant repeats and incorporates by reference its response to Paragraphs 1-60 as its response to Paragraph 61 of the Complaint.

62.     Paragraph 62 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 62 of the Complaint.

63.     Paragraph 63 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 63 of the Complaint.

64.     Paragraph 64 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 64 of the Complaint.

65.     Paragraph 65 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 65 of the Complaint.

66.     Paragraph 66 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 66 of the Complaint.

67.     Paragraph 67 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 67 of the Complaint.

68.     Paragraph 68 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 68 of the Complaint.

69.     Defendant admits that plaintiffs and their proposed Rule 23 Class purport to seek liquidated damages under the NYLL.  Defendant denies that plaintiffs are entitled to liquidated damages under the NYLL.

### THIRD CLAIM FOR RELIEF

70.     Defendant repeats and incorporates by reference its response to Paragraphs 1-69 as its response to Paragraph 70 of the Complaint

71.     Paragraph 71 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 71 of the Complaint.

72.     Paragraph 72 states legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations in Paragraph 72 of the Complaint

73.     Defendant admits that plaintiffs purport to seek monetary damages, reasonable attorneys' fees and costs and prejudgment and post-judgment interest.

74.     Defendant admits that plaintiffs and the proposed Rule 23 Class purport to seek liquidated damages under the NYLL in paragraph 74 of the Complaint.  Defendant denies that plaintiffs are entitled to liquidated damages under the NYLL.

## PRAYER FOR RELIEF

Defendant admits that plaintiffs purport to seek the relief requested in Paragraphs (A)-(H) of their Prayer for Relief.  Defendant denies all other allegations in plaintiffs' Prayer for Relief and denies that plaintiffs are entitled to the relief requested in Paragraphs (A)-(H) of the Complaint.

## DEMAND FOR TRIAL BY JURY

Defendant admits that plaintiffs purport to demand a trial by jury.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Without admitting any of the allegations asserted in plaintiffs' Complaint or conceding that defendant bears any burden of proof on any issue on which defendant would not otherwise bear such burden, defendant USTA asserts the following defenses to the Complaint to the extent required under Rule 8(c) of the Federal Rules of Civil Procedure.  Defendant reserves the right to add, alter, or amend its defenses and affirmative defenses as the course of discovery so requires.

## FIRST DEFENSE

The Complaint, or portions thereof, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred because defendant was not plaintiffs' employer and did not employ plaintiffs for purposes of the FLSA or the NYLL.

## THIRD DEFENSE

Plaintiffs' claims, including claims brought on behalf of purported similarly situated persons, are barred, in whole or in part, by the applicable statute of limitations.

11

## FOURTH DEFENSE

Plaintiffs are not similarly situated to any other person or persons for purposes of the FLSA.

## FIFTH DEFENSE

Plaintiffs cannot satisfy the requirements for a collective action under the FLSA or for a class action under Rule 23 of the Federal Rules of Civil Procedure.

## SIXTH DEFENSE

Plaintiffs' claims, including claims brought on behalf of purported similarly situated persons, are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, ratification, acquiescence, unclean hands, accord and satisfaction, and release.

## SEVENTH DEFENSE

Plaintiffs lack standing to assert some or all of the claims asserted in the Complaint.

## EIGHTH DEFENSE

At all relevant times, defendant and its agents have acted in good faith and with a reasonable belief that they had not violated any provision of the FLSA or the NYLL.

## NINTH DEFENSE

The Complaint fails to allege facts sufficient to allow recovery of punitive, liquidated, or exemplary damages from the USTA.

## TENTH DEFENSE

Plaintiffs' claims are subject, in whole or in part, to set-off.

## ELEVENTH DEFENSE

Defendant did not willfully deprive any person of any wages, compensation, or monies to which they may have been entitled.

## TWELFTH DEFENSE

All or part of the time for which plaintiffs or any purported similarly situated persons seek compensation does not constitute compensable working time.

## THIRTEENTH DEFENSE

All or part of the claims are barred under the *de minimis* doctrine.

## FOURTEENTH DEFENSE

The Complaint fails to state a claim upon which attorneys' fees or costs can be awarded.

## FIFTEENTH DEFENSE

The Complaint and plaintiffs' alleged recovery are barred to the extent that plaintiffs have suffered no damages.

## SIXTEENTH DEFENSE

The Complaint fails to state a claim upon which declaratory or injunctive relief can be granted.

## SEVENTEENTH DEFENSE

Plaintiffs' claims, including claims brought on behalf of purported similarly situated persons, are barred, in whole or in part, by the doctrines of collateral estoppel and *res judicata*.

## EIGHTEENTH DEFENSE

Plaintiffs' claims, including claims brought on behalf of purported similarly situated persons, are barred because the USTA has timely paid all wages or other compensation to which plaintiffs may be entitled.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred because defendant operated an establishment that satisfies the exemption requirements set forth in Section 13(a)(3) of the FLSA, 29 U.S.C. § 13(a)(3), and at all times satisfied the requirements for such establishments under the New York Labor Law.

**ADDITIONAL DEFENSES**

Defendant reserves the right to add to this Answer and to rely upon affirmative defenses disclosed by further investigation and discovery.

WHEREFORE, having fully answered the Complaint, the USTA prays for relief as follows:

1.      For an Order dismissing plaintiffs' Complaint with prejudice.

2.      For an Order awarding defendant its attorneys' fees, costs, and disbursements incurred in defending this action.

3.      Such other and further relief that the Court deems just and equitable.


                                          Respectfully submitted,

DATED: September 30, 2011           _____/s/_____
                                          Richard J. Rabin
                                          AKIN GUMP STRAUSS HAUER & FELD LLP
                                          One Bryant Park
                                          New York, NY  10036
                                          Telephone: (212) 872-1000
                                          Facsimile: (212) 872-1002
                                          rrabin@akingump.com

Nathan J. Oleson
 (Pro Hac Vice admission to be filed)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
noleson@akingump.com

ATTORNEYS FOR DEFENDANT
UNITED STATES TENNIS ASSOCIATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer to Plaintiffs'

Complaint was served this 30th day of September, 2011 via the ECF filing system (registered

users) or via U.S. Mail on the following:


Judith L. Spanier, Esq.
ABBEY SPANIER RODD & ABRAMS, LLP
212 East 39th Street
New York, NY 10016

Mitchell Schley, Esq.
LAW OFFICES OF MITCHELL SCHLEY, LLC
245 Park Avenue, 24th Floor
New York, NY 10167


_____/s/_____
Richard Rabin