UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN MEYER, MARC BELL, LARRY MULLIGAN-GIBBS and AIMEE JOHNSON, on behalf of themselves and all other similarly situated,<br><br>       Plaintiffs,<br><br>      v.<br><br>UNITED STATES TENNIS ASSOCIATION,<br><br>       Defendant. | Civ. Action No. 11-CV-6268(ALC)(MHD) |

## JOINT STATUS REPORT

Plaintiffs Steven Meyer, Marc Bell, Aimee Johnson, and Larry Mulligan-Gibbs and defendant United States Tennis Association ("USTA"), by and through their undersigned counsel, hereby submit the following status report pursuant to the Court's November 7, 2012 Order. In the November 7 Order, the Court: (1) ordered Plaintiffs to depose the USTA's employee, Joseph Healy, whom the USTA disclosed would testify concerning its planned affirmative defense pursuant to 29 U.S.C. §213(a)(3) ("Section 213"), by November 19, 2012; and (2) ordered that the parties submit a status report by November 27, 2012.

  **1.**  **Deposition of Joseph Healy**

Plaintiffs took Mr. Healy's deposition on November 16, 2012. Plaintiffs informed the USTA by email that they have reserved the right to re-open Mr. Healy's deposition if necessary regarding a document identified and produced by the USTA on November 15, 2012. Plaintiffs will inform the USTA within one week of receipt of Mr. Healy's deposition transcript if such a re-opening is necessary.

1

2.   **Status Report**

In the parties' October 22, 2012 status report, the parties informed the Court of plaintiffs' contention that the USTA's responses to plaintiffs' second set of document requests, second set of interrogatories, and third document request were deficient. The parties' correspondence concerning their disagreement was attached to the October 22, 2012 status report. Despite good faith efforts, the parties were unable to reach an agreement on the sufficiency of the USTA's response.

On November 12, 2012, after hurricane-related delays, Plaintiffs wrote to Hon. Michael H. Dolinger to request a pre-motion conference, pursuant to Local Civil Rule 37.2, for the purpose of compelling responses from the USTA. The USTA responded on November 20, 2012, and Plaintiffs will submit a reply to Judge Dolinger this week. Judge Dolinger has set a pre-motion conference to discuss Plaintiffs' anticipated motion to compel for December 18, 2012 at 2:00 pm.

A.   **Plaintiffs' Position Concerning Further Discovery and the Timing of the USTA's Requested Summary Judgment Motion**

Plaintiffs believe the discovery responses provided by the USTA in connection with its affirmative defense have significant deficiencies; as a result, to permit the USTA to move for summary judgment at this time would prejudice Plaintiffs. Although the USTA previously contended that the only remaining discovery in connection with its affirmative defense was the deposition of Mr. Healy, that is not so. Until the USTA produces all of the documents requested by Plaintiffs in connection with the USTA's defense, the parties cannot accurately assess what further discovery must take place, including potential depositions necessitated by the documents Plaintiffs seek.

The USTA has asserted an affirmative defense under 29 USC §213(a)(3) ("Section 213"), claiming that the USTA is a "recreational organization" and/or that the US Open is a "recreational event" and thus, even if Plaintiffs are employees, the USTA is not required to pay them overtime under the FLSA.[1] The USTA now refuses to produce documents that are relevant to this defense; the USTA's withholding of documents is prejudicial to Plaintiffs because it allows the USTA to avoid discovery for an affirmative defense on which the USTA bears the burden of proof, that is narrowly construed in favor of the plaintiffs. The USTA's chosen exemption was enacted in 1961, and its purpose was to ensure that small companies that only operate for part of the year, or only receive revenue for a short period each year, are able to operate without the burden of paying the relatively high minimum wages required by the FLSA. *See Brock v. Louvers & Dampers, Inc.*, 817 F.2d 1255 (6th Cir. 1987). Federal regulations state "[t]ypical examples of [recreational organizations] are the concessionaires at amusement parks and beaches." 29 CFR 779.385. Courts have expressly looked at the underlying purpose of an organization in order to determine whether the organization is a recreational organization. *See Chao v. Double JJ Resort Ranch*, 375 F.3d 393, 397 (6th Cir. 2004) (employer's purpose was not recreation, but rather to sell hotel rooms).

Here, the USTA claims that it is a recreational organization, yet refuses to provide documents relevant to its purpose. Plaintiffs have requested the USTA's contracts with its board members—whose function is to "establish the policies and objectives of the USTA"—and have requested minutes of the USTA's board of directors' meetings, among other things. Yet, the

---

[1] The USTA's assertion that the US Open is a recreational event is irrelevant to the Section 213 exemption. Section 213 applies to recreational "establishments," not recreational "events." *See* 29 U.S.C. §213(a)(3).

3

USTA has refused to provide these documents, which are directly relevant to the USTA's purpose.

Moreover, the USTA admits that it pays some employees who work at the US Open overtime, despite the existence of an exemption that purportedly eliminates the USTA's obligation to pay overtime to *any* employee. Surely, if the USTA's advertisements showing that the USTA pays overtime at the US Open are provided, they will lead to admissible evidence concerning the USTA's decision to apply the seasonal exemption to some of its employees and not others, and whether the USTA—whose revenues are in the hundreds of millions each year and who paid its chief executive in excess of $9 million in the year 2008—is the type of organization that was the intended beneficiary of the exemption.

Until these documents, and all of those listed in the correspondence between the parties in Exhibits A-C to the October 22 status report are produced, Plaintiffs should not be required to respond to the USTA's motion for summary judgment on this affirmative defense. Alternatively, if the USTA objects to providing the discovery necessary, Plaintiffs would not object if the USTA dropped its affirmative defense.

Moreover, from a case management perspective, the USTA's request for a summary judgment motion is wasteful and premature. Even if summary judgment is granted against the four named plaintiffs—the only parties against whom the USTA has requested to move—other plaintiffs have opted in and the case will therefore continue. The Court has granted Plaintiffs' motion for conditional certification pursuant to 29 U.S.C. §216(b), and Plaintiffs' motion for class certification is *sub judice*. Although Plaintiffs believe the USTA's motion for summary judgment is unlikely to succeed, if the Court is inclined to permit the USTA to move for summary judgment it should be after class certification and full merits discovery, and after any

additional umpires opt in after receiving the FLSA notice that will be disseminated pursuant to the Court's grant of Plaintiffs' motion under 29 U.S.C.§216(b). Because the USTA has not raised any serious dispute concerning Plaintiffs' proposed Section 216(b) notice, Plaintiffs respectfully request that the Court permit Plaintiffs to send the notice to all umpires.

### B. The USTA's Position Concerning Further Discovery and the Timing of the USTA's Requested Summary Judgment Motion

Defendant believes that plaintiffs' requested discovery regarding the USTA's exemption defense under 29 U.S.C. § 213(a)(3) is complete, pending any ruling Magistrate Judge Dolinger may make regarding the production of additional documents in response to plaintiffs' written discovery requests. Defendant requests that the Court set the deadline for the filing of the USTA's motion for summary judgment for ten (10) days after the later of: (1) the parties' pre-motion conference on December 18, 2012; or (2) any date Magistrate Judge Dolinger may set for the production of additional discovery. Defendant's motion for summary judgment has been ready for submission since May 2012. Defendant contends that any effort by Plaintiffs to delay this filing should be rejected. Although the Court has permitted Plaintiffs an additional six months to obtain discovery regarding the USTA's defense under 29 U.S.C. § 213(a)(3), Plaintiffs already had ample time to take discovery regarding this defense, which was specifically disclosed in defendant's September 30, 2011 Answer (Dkt. No. 6 at 14) and the parties' November 25, 2011 Joint Preliminary Pretrial Statement (Dkt. No. 12 at 6).

As set forth in its response to plaintiffs' meet-and-confer letter, the USTA believes it has already produced all of the documents requested by plaintiffs that are arguably relevant to the recreation and amusement defense set forth in 29 U.S.C. § 213(a)(3). To qualify for the exemption, the statute requires only that the putative employer show that: (1) the establishment at issue is a recreation or amusement establishment; and (2) the establishment earns more than

two-thirds of its receipts during any six month period of any calendar year, or only operates for seven months in any calendar year. See 29 U.S.C. § 213(a)(3). "'Sports events' are among those types of recreational activities specifically considered by Congress to be covered by the exemption" *Jeffrey v. Sarasota White Sox, Inc*., 64 F.3d 590, 595 (11th Cir. 1995). The USTA accordingly believes that plaintiffs' requests for documents regarding the compensation of all USTA employees, the internal workings of its Board of Directors, and advertisements placed for employees of other entities at the US Open are irrelevant and should be rejected.

The USTA also believes that Plaintiffs' arguments that summary judgment is "premature" are inconsistent with the Federal Rules of Civil Procedure, which permit any party to move for summary judgment "at any time." *See* Fed. R. Civ. P. 56(b). They also are contrary to the Court's authority to consider dispositive motions prior to an order on class certification. Indeed, "ruling on the merits of [plaintiffs'] claim[s]" prior to deciding class certification may "protect the parties from needless and costly further litigation." *In re Starbucks Employee Gratuity Litigation*, 264 F.R.D. 67, 75 (S.D.N.Y. 2009); *cf. Amendola v. Bristol-Myers Squibb Co*., 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008) (deferring decision on notice in putative collective action under 29 U.S.C. § 216(b) pending decision on summary judgment).

                                                  Respectfully submitted,

DATED: November 27, 2012                 /s/
                                                  Richard J. Rabin
                                                  Kelly L. Brown
                                                  AKIN GUMP STRAUSS HAUER & FELD LLP
                                                  One Bryant Park
                                                  New York, NY  10036
                                                  Telephone: (212) 872-1000
                                                  Facsimile: (212) 872-1002
                                                  rrabin@akingump.com
                                                  kbrown@akingump.com

Nathan J. Oleson
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
noleson@akingump.com

ATTORNEYS FOR DEFENDANT
UNITED STATES TENNIS ASSOCIATION


_____/s/_____
Judith L. Spanier, Esq.
Orin Kurtz, Esq.
ABBEY SPANIER RODD & ABRAMS, LLP
212 East 39th Street
New York, NY 10016

Mitchell Schley, Esq.
LAW OFFICES OF MITCHELL SCHLEY, LLC
245 Park Avenue, 24th Floor
New York, NY 10167

ATTORNEYS FOR PLAINTIFFS

7

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Joint Status Report was served this 27th day of November, 2012 via the ECF filing system on all counsel for Defendant.

                                  /s/
                            Orin Kurtz