**MEMO ENDORSED**



# Akin Gump
## STRAUSS HAUER & FELD LLP

NATHAN J. OLESON
202.887.4425/fax: 1.202.887.4288
noleson@akingump.com

November 14, 2013

VIA ELECTRONIC MAIL AND ECF

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

DATE FILED: //- /5-/3

    Re:    *Meyer, et al. v. United States Tennis Association*, No. 11-CV-6268 (ALC) (MHD)

Dear Judge Carter:

    Defendant United States Tennis Association (the "USTA") hereby requests an order pursuant to § 7(C) of Your Honor's Individual Practices permitting it to file certain documents under seal in support of its motion for summary judgment. Specifically, the USTA requests that it be permitted to file detailed confidential financial information reflected in: (1) plaintiffs' tax returns; and (2) the USTA's accounting documents.

    Although plaintiffs' tax returns are not absolutely privileged, they have long been granted greater protection by the courts because of the "private nature of the sensitive information contained therein." *Smith v. Bader*, 83 F.R.D. 437, 439 (S.D.N.Y. 1979). Certain information contained in plaintiffs' tax returns is relevant to the underlying issues in this case. However, the USTA also believes that plaintiffs' privacy interest in these returns justifies shielding the detailed information contained in the returns (and the plaintiffs' testimony regarding that detailed information) from disclosure to the general public. The Court has previously granted the USTA's request to file these same documents under seal in connection with its opposition to plaintiffs' motions for notice under 29 U.S.C. § 216(b) (Dkt. No. 41) and Rule 23 of the Federal Rules of Civil Procedure (Dkt. No. 62.)

    The USTA submits that the sealing of its own confidential financial data is likewise appropriate. It is well-established that courts may "refuse to permit their files to serve as... sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications Inc.*, 435 U.S. 598 (1978). Courts in this district thus have permitted the filing of transactional and other data under seal when public disclosure of this information would harm the defendant. *See, e.g., Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 U.S. Dist. LEXIS 107801 (S.D.N.Y. July 31, 2012) (approving the sealing of confidential business information).



The Honorable Andrew L. Carter, Jr.
November 14, 2013
Page 2

      Consistent with these standards, the USTA requests that the Court allow the USTA to file its General Ledger Reports under seal. The General Ledger Report contains detailed information regarding transactions between the USTA and third parties. Permitting public access to this information would harm the ability of the USTA to negotiate future contracts with third parties and may violate confidentiality provisions in its existing contracts. The USTA accordingly requests that these reports be sealed. *See, e.g., Avocent Redmond,* 2012 U.S. Dist. LEXIS 107801. The USTA notes that it is not requesting to seal the overall receipts calculations—which are relevant to the USTA's seasonal exemption defense—that are derived from these documents. These calculations will be submitted in the public record because they do not reflect the amounts associated with the individual transactions or the organizations or individuals that were parties to these transactions.

      Plaintiffs consent to this request.

      Thank you for your consideration of this matter.

                                         Respectfully submitted,

                                          Nathan J. Oleson

cc:    Judith Spanier, Abbey Spanier Rodd & Abrams LLP
        Mitchell Schley, The Law Offices of Mitchell Schley LLC

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE   11-15-13