MEMO ENDORSED





**Akin Gump**

STRAUSS HAUER & FELD LLP

**RICHARD J. RABIN**
+1 212.872.1086/fax: +1 212.872.1002
rrabin@akingump.com

March 7, 2014

The Honorable Andrew L. Carter
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Meyer, et al. v. United States Tennis Association*, No. 11-CV-6268 (ALC) (MHD)

Dear Judge Carter:

    We represent defendant United States Tennis Association ("USTA") in the above-referenced matter.  Pursuant to Your Honor's Individual Practices, we write to respectfully request permission to file a brief, two-page sur-reply to plaintiffs' Reply Memorandum of Law in Support of Plaintiffs' Cross-Motion for Summary Judgment (DE 388) ("Plaintiffs' Reply"), to address an argument plaintiffs raise for the first time in Plaintiffs' Reply.

    Plaintiffs contend that certain regulations the USTA cited in its moving and reply briefs in support of its motion for summary judgment are not applicable to the amusement or recreational establishment exemption. *See* Pl. Reply at 9.  Plaintiffs' argument is contrary to well-established authority, including the regulations themselves, which make clear that the provisions do indeed apply to the amusement or recreational establishment exemption. *See, e.g.,* 29 C.F.R. § 779.302.  Consideration of these provisions is directly relevant to the Court's determination as to whether the USTA qualifies for the amusement or recreational exemption, a determination potentially dispositive of this action.

    Defendant thus respectfully requests that the Court enter an order granting defendant leave to file, within seven ("7") days of the Court's order, a reply brief of no more than two pages to address the issues set forth in this letter.  Defendant has conferred with opposing counsel, who objects to this request.

    Thank you for your attention to this matter.

        Respectfully Submitted,

        */s/ Richard J. Rabin*

        Richard J. Rabin

**Akin Gump**

STRAUSS HAUER & FELD LLP

The Honorable Andrew L. Carter
Daniel Patrick Moynihan U.S. Courthouse
March 7, 2014
Page 2

cc:    Judith Spanier, Abbey Spanier Rodd & Abrams LLP
       Mitchell Schley, The Law Offices of Mitchell Schley LLC

*Defendant's request to file a sur-reply within seven (7) days of this Order is GRANTED. Plaintiff's may file a response to this sur-reply within seven (7) days of its submission. Both parties' submissions should be limited to two (2) pages. No further requests for sur-replies will be granted.*

*SO ORDERED.*

*3-21-14*



212 EAST 39TH STREET

NEW YORK, NEW YORK 10016

PHONE 212 889 3700

FAX 212 684 5191

www.abbeyspanier.com

**ABBEY SPANIER** LLP

ATTORNEYS AT LAW

March 12, 2014



**By ECF and E-Mail**

The Honorable Andrew L. Carter
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 1007

Re: *Meyer, et al. v. United States Tennis Association,* No. 11-CV-6268 (ALC) (MHD)

Dear Judge Carter:

This firm is one of the counsel for Plaintiffs Steven Meyer, Marc Bell, Larry Mulligan-Gibbs and Aimee Johnson.   We write in opposition to Defendant United States Tennis Association's ("USTA") request to file a sur-reply in response to Plaintiff's Reply Memorandum of Law in Support of Plaintiffs' Cross-Motion for Summary Judgment ("Plaintiffs' Reply").

Sur-replies are not authorized by the Federal Rules or this District's Local Rules of Civil Procedure.   They are disfavored because sur-replies continue the endless volleying of filings, burdening the parties and court and adding to the expense of litigation. See cases cited below. The USTA bases its request to file a sur-reply on the grounds that Plaintiffs raised a new argument regarding the applicability of certain regulations to the amusement and recreational exemption for the first time in their reply brief. This assertion is false. Plaintiffs provided a *response* to arguments raised for the first time by the USTA in its Consolidated Reply Memorandum of Law in Support of its Motion for Summary Judgment and Opposition to Plaintiffs' Cross-Motion for Summary Judgment ("Defendant's Reply").

Specifically, the USTA argued for the *first time* in its reply that the National Tennis Center, the stadium in which the US Open is held, qualified as an exempt establishment (Def.'s Reply at 22).  In support of this new argument, the USTA cited to 29 C.F.R §§ 779.303, 308 and 310. (*Id.* at 21-23).  Plaintiffs then appropriately responded to this argument by stating that the regulations cited by the USTA were inapplicable to the exemption at issue. With the exception of 29 C.F.R. § 310, which was briefly mentioned in passing in the USTA's Motion for Summary Judgment, the remaining regulations were not mentioned or referenced until Defendant's Reply. As such, because Plaintiffs did not raise a new argument in its reply as the USTA contends, the USTA's argument that it should be permitted to submit a sur-reply should be rejected.   Your Honor, as well as other judges in the Southern District have rejected requests to file sur-replies on similar grounds. *See e.g., Haining Zhang and China Venture Partners, Inc. v. Schlatter, et al.,* 2013 U.S. Dist. LEXIS 138968, *13-14 (S.D.N.Y. 2013) (Carter, J.); *In re Worldcom, Inc. et*

ABBEY SPANIER, LLP
Honorable Andrew L. Carter
March 12, 2014
Page 2 of 2

*al. v. Communications Network International, LTD.*, 2007 Bankr. LEXIS 4082, *19-20 (Bankr. S.D.N.Y 2007) (Gonzalez, J.). *See also, Heil Co. v. Curotto Can Co.,* 2004 U.S. Dist. LEXIS 23618, *3 (N.D. Cal. 2004); *See also, Weems v. Hodnett, et al.,* 2011 U.S. Dist. LEXIS 75172, *1-2 (W.D. La. 2011) (stating that sur-replies are heavily disfavored by courts and leave to file them should be granted only in exceptions or extraordinary circumstances).

Moreover, in support of its request, the USTA cites to a new regulation, namely, 29 C.F.R. 779.302, that Defendant has *never* cited to in the summary judgment briefing. Including the basis of an argument in a request for permission to file a sur-reply is procedurally improper. According to Your Honor's Rules, "[s]ur-reply memoranda will not be accepted without prior permission of the Court." (Sec. 2.B.). Thus, the USTA must first be granted permission to file a sur-reply before it can make substantive arguments. *See, Feiner and Company, Inc. v. Turner Entertainment Co., et al.,* 2004 U.S. Dist. LEXIS 21074, *1 (S.D.N.Y. 2004) (Owen, J.) (citing *Travelers Ins. Co. v. Buffalo Reinsurance Co.,* 735 F. Supp. 492 (S.D.N.Y. 1990) ("the proposed...papers should not accompany the request for leave to submit them. To permit the...papers to accompany the request....is to enable the requesting party to accomplish its goal of placing the papers before the court, thereby reducing the question of whether the papers should be accepted for filing to relative unimportance. Therefore, the...papers themselves shall not be submitted until the court, having received and review the application to file, invites them."))[1] (internal citations omitted). This procedural infirmity is an additional reason to deny the USTA's request. *See, Feiner,* 2004 U.S. Dist. LEXIS 21074 at *1 (denying defendants request for permission to file sur-reply on grounds that defendants' enclosure of additional evidence rendered its request procedurally flawed).

In sum, the USTA had full and fair opportunity to brief the issues in this case thoroughly, and therefore, should not be afforded an opportunity to file a sur-reply which would further the delay the disposition of this case. *See, Cost v. Supermedia,* 2012 U.S. Dist. LEXIS 94747, *1 (S.D.N.Y. 2012) (Koeltl, J.) (denying plaintiff's request to file sur-reply on grounds that plaintiff already submitted an opposition to the defendant's motion to dismiss and defendant replied, thereby giving plaintiff an adequate opportunity to respond).

For the reasons as set forth above, Plaintiffs respectfully request that the Court deny the USTA's request for permission to file a sur-reply.

Respectfully submitted,

*Judith Spanier/WM*

Judith L. Spanier

cc:  Richard Rabin, Esq.
     Mitchell Schley, Esq.

---

[1] Although *Travelers Ins. Co.* discusses the submission of reply papers, the *Feiner* court uses this reasoning in denying defendants' request for permission to file a sur-reply.